UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JOY BOYD,

          Plaintiff,

   v.                                            Case No. 25-cv-0569-bhl

PNC BANK FINANCIAL SERVICES GROUP INC,

          Defendant.

## SCREENING ORDER

      On April 22, 2025, Plaintiff Joy Boyd, proceeding without an attorney, filed this lawsuit against Defendant PNC Bank asserting claims for breach of contract and breach of fiduciary duty. (ECF No. 1.) Boyd has also filed a motion for leave to proceed without prepayment of the filing fee or *in forma pauperis* (IFP). (ECF No. 2.) The matter is before the Court for consideration of Boyd's IFP motion and for the screening of her complaint.

### IFP MOTION

      The Court has authority to allow a plaintiff to proceed IFP upon the submission of an affidavit that identifies the plaintiff's assets and allows the Court to find that the plaintiff is unable to pay the filing fee. *See* 28 U.S.C. § 1915(a)(1). Boyd's IFP application includes no information about her finances and is thus insufficient to establish her indigency. She checks boxes indicating that she is unemployed, unmarried, and without dependents, but writes "N/A" in every field requesting information about her income, expenses, and assets. (ECF No. 2.) The Court cannot grant IFP status to a plaintiff who is unwilling to provide information regarding her financial situation. *See* § 1915(a)(1). Accordingly, Boyd's IFP motion will be denied.

### SCREENING THE COMPLAINT

      The IFP statute also requires the Court to dismiss a case at any time if it determines that the plaintiff's allegations of poverty are "untrue" or if the action is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Accordingly, after evaluating a *pro se* plaintiff's IFP request, the

Court must screen the complaint to ensure the case should be allowed to move forward. In screening a *pro se* complaint, the Court applies the liberal pleading standards embraced by the Federal Rules of Civil Procedure. To survive screening, the complaint must comply with the Federal Rules and state at least plausible claims for which relief may be granted. To state a cognizable claim, a plaintiff is required to provide a "short and plain statement of the claim showing that [she] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted). If the complaint fails to allege sufficient facts to state a claim on which relief may be granted, it must be dismissed. *See Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1018 (7th Cir. 2013).

## ALLEGATIONS

On January 10, 2024, Boyd filed an application with PNC Bank requesting a personal loan of $75,000. (ECF No. 1 at 5.) On January 15, 2024, PNC Bank denied Boyd's application. (*Id.*; ECF No. 1-1 at 2.) On January 22, 2025, Boyd "[t]endered a negotiable instrument to . . . PNC Bank with accord and satisfaction as a performance to the contract." (ECF No. 1 at 5.) Boyd then sent several follow-up letters to PNC Bank and filed a complaint with the Consumer Financial Protection Bureau prior to filing this lawsuit. (*Id.* at 5–6.) Boyd asserts claims for breach of

contract and breach of fiduciary duty and requests damages of $75,000, plus interest, costs, and fees. (*Id.* at 6–7.)

## ANALYSIS

On the Court's *pro se* complaint form, Boyd checked the "Federal question" box, indicating she is suing for a violation of federal law. (ECF No. 1 at 2.) But claims for breach of contract and breach of fiduciary duty—the only claims Boyd asserts—arise under state, not federal law. State law claims may be brought by invoking the Court's diversity jurisdiction under 28 U.S.C. § 1332, but only if the parties are citizens of different states and the amount in controversy exceeds $75,000, exclusive of costs, fees, and interest. According to the complaint, Boyd is a citizen of Wisconsin and PNC Bank is headquartered in both Wisconsin and Pennsylvania. (ECF No. 1 at 1, 4, 8.) Accordingly, the plaintiff and defendant are not citizens of different states and this Court lacks authority under its diversity jurisdiction to adjudicate Boyd's claims. Moreover, even if the parties were citizens of different states, Boyd alleges damages of $75,000 and that amount is insufficient to satisfy the amount-in-controversy requirement under the Court's diversity jurisdiction. *See* § 1332(a); *Anthony v. Sec. Pac. Fin. Servs., Inc.*, 75 F.3d 311, 315 n.1 (7th Cir. 1996). Because the Court lacks jurisdiction over Boyd's claims, her complaint must be dismissed.

Although courts generally permit civil plaintiffs at least one opportunity to amend their pleadings, the Court need not do so where any amendment would be futile. *Bogie v. Rosenberg*, 705 F.3d 603, 608 (7th Cir. 2013) (citation omitted). Boyd alleges that PNC Bank denied her application for a loan. (ECF No. 1 at 5.) Boyd then alleges that PNC Bank breached its contract with her and its fiduciary duties to her. But denial of a loan does not create a contractual relationship between the applicant and the bank. It also does not give rise to fiduciary duties. Boyd's claims for breach of contract and breach of fiduciary duty are thus legally frivolous and any amendment to her complaint would be futile. *See Felton v. City of Chicago*, 827 F.3d 632, 635 (7th Cir. 2016) ("A claim is legally frivolous if it is 'based on an indisputable meritless legal theory.'" (quoting *Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989))); *see also Williams v. Faulkner*, 837 F.2d 304, 306 (7th Cir. 1988) ("A frivolous complaint is one in which 'the petitioner can make no rational argument in law or facts to support his or her claim for relief.'" (quoting *Jones v. Morris*, 777 F.2d 1277, 1279–80 (7th Cir. 1985))). Accordingly, Boyd's complaint is dismissed without leave to amend.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Boyd's Motion for Leave to Proceed Without Prepayment of the Filing Fee, ECF No. 2, is **DENIED**.

**IT IS FURTHER ORDERED** that Boyd's Complaint, ECF No. 1, and this case are **DISMISSED**. The Clerk is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin on April 29, 2025.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge